## Michalofski, Appellant, *v.* Pittsburg Screw & Bolt Company.

*Negligence—Master and servant—Contributory negligence—Machinery— Nonsuit.*

A boy over thirteen years of age cannot recover damages from his employer for personal injuries, where it appears that he was injured while trying to remove an obstruction from a machine while in motion, and that in doing so he was not performing any duty for which he was employed, but was meddling with something that was not his business.

Argued Nov. 2, 1905.   Appeal, No. 187, Oct. T., 1905, by plaintiffs, from order of C. P. No. 1, Allegheny Co. March T., 1903, No. 61, refusing to take off nonsuit in case of Felix Michalofski and Joseph Michalofski, by Felix Michalofski his father and next friend, v. Pittsburg Screw & Bolt Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.

The court entered a compulsory nonsuit which it subsequently failed to take off.

MACFARLANE, J., filed the following opinion :

The plaintiff, a boy of thirteen years and seven months, was employed by the defendant at a thread-cutting machine, and his duty was to push nuts under four taps which were raised by a lever worked by the foot which raised the taps; the nut is then put in oil in a tin pan and pushed under the taps, which descend and cut the thread.   The only instruction given him was by the foreman who put a nut under the tap and showed

him how to do the work, and then directed another boy to show him, and he put four nuts in the machine. The foreman told the boy to be careful and not break any taps. On the next day he put a nut in the machine, tramped on the treadle and his foot slipped, the tap broke and the nut flew up and got caught in a cogwheel, breaking the cog. The boy did not know how to stop the machine, and had not been instructed, although there was a lever for that purpose. He took a stick and tried to poke the nut out, and by the pulling of the stick or in some other way his hand was caught in the cogs and injured.

It was no part of his duty to remove the nut from the cog, and the case is not like that of Creachen v. Carpet Co., 209 Pa. 6, where it was part of the boy's duty to remove the " choke," which was the accumulated wool caused by the operation of the machine. The plaintiff was not injured in performing any duty for which he was employed and was attempting to remove a difficulty which was not caused by the ordinary operation of the machine, but was meddling with something that was not his business. Had he been hurt in the operation of the machine he might be entitled to recover.

The case of Doyle v. Pittsburg Waste Co., 204 Pa. 618, differs from that before us in that the clearing out of the waste after it had caught fire and been extinguished was a part of the duty of the operator. This frequently happened and the case was for the jury.

We do not hold that this is a case of obvious danger, and were we satisfied that the removal of the nut was in any way a part of the plaintiff's employment we would take off the nonsuit. As it is the motion is refused.

*Error assigned* was refusal to take off nonsuit.

*A. M. O'Brien*, with him *G. W. Brawner, Jr.*, for appellant, cited: Strawbridge v. Bradford, 128 Pa. 200 ; Royer v. Tinkler, 16 Pa. Superior Ct. 457 ; Welsh v. Butz, 202 Pa. 59.

*Dalzell, Scott & Gordon*, for appellee, were not heard.

PER CURIAM, January 2, 1906 :
Judgment affirmed on the opinion of the court below.